## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL O. REESE AND | § | |
| KAREN D. REESE, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 19-CV-799-S-BK |
| | § | |
| WELLS FARGO US HOLDINGS, INC., | § | |
| | § | |
| DEFENDANT. | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendant's *Motion to Dismiss Plaintiffs' First Amended Complaint*. Doc. 9. For the reasons that follow, it is recommended that the motion be **GRANTED**.

## I.    PROCEDURAL HISTORY

In March 2019, Plaintiffs filed this *pro se* action in state court seeking to avoid the foreclosure on their residence (the "Property"). Doc. 1-4 at 2-14. Defendant removed the action to this Court based on diversity jurisdiction, Doc. 1 at 3-6, and Plaintiffs filed an amended complaint at the Court's direction. Doc. 5; Doc. 6. In the operative complaint, Plaintiffs allege that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), the Texas Debt Collection Act ("TDCA"), and Section 51 of the Texas Property Code, and they seek injunctive relief. Doc. 6 at 2-3. Defendant now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 9.

B.    **APPLICABLE LAW**

A plaintiff fails to state a claim under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. Nevertheless, if a plaintiff fails to respond to an argument raised in a motion to dismiss, it is deemed to be abandoned. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Additionally, a plaintiff may not raise new claims in a response to a motion to dismiss. *See Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-2804-M-BF, 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013) ("Plaintiff is not entitled to add new claims to his complaint by way of his response."); *see also St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co*., 937 F.2d 274, 279 (5th Cir. 1991) ("A court which considers a motion for a 12(b)(6) [ ] dismissal must look only at the pleadings . . .") (internal citation omitted).

C.    **ANALYSIS**

Defendant asserts in its motion to dismiss that Plaintiffs' RESPA, TDCA, and Texas Property Code claims fail as a matter of law, that their request for injunctive relief should be denied, and that dismissal with prejudice is warranted. *See* Doc. 9 *passim*. Plaintiffs' response does not address these arguments, however. Instead, Plaintiffs generally assert that their complaint meets Rule 8(a) standards and describe Plaintiff Wendell Reese's conversations with Defendant's representative about a promised loan modification, which was allegedly reneged on based on "Texas Equity Loan Guidelines." *See* Doc. 10 at 1-4.

As Defendant argues in its reply brief, Plaintiffs' wholesale failure to address its arguments regarding their RESPA, TDCA, and Texas Property Code claims results in the

2

abandonment of those claims. *Black*, 461 F.3d at 588 n.1. Further, to the extent Plaintiffs are attempting to raise a new claim relating to Defendant's reneged loan modification, they may not do so in their response to a motion to dismiss. *See Sheddy*, 2013 WL 5450288, at *5. Accordingly, Defendant's *Motion to Dismiss Plaintiffs' First Amended Complaint* should be **GRANTED**.

## D.    LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when a plaintiff has already pled his best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). When Defendant removed the case to this Court, Plaintiffs were ordered to replead their complaint. Doc. 5. The Court specified that the complaint must be "in compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)" as well as the Local Civil Rules. Doc. 5 at 2. Plaintiffs insist in their response to Defendants' motion that they have "fully complied" with Rule 8(a)'s fair notice standard. Doc. 10 at 3. The Court takes them at their word. As such, granting leave to further amend would be futile and is not warranted.[1]

---

[1] The Court also observes that Plaintiffs have been involved in numerous cases seeking to avoid foreclosure of the Property and should thus be familiar with the pertinent law and basic litigation procedure despite their *pro se* status. *See O Foreclosure v. Reese*, DC-07-10648 (298th Dist. Ct. Dallas Cty.) (closed Oct. 15, 2007); *U.S. Bank, Nat'l Assoc. v. Reese*, DC-15-09976 (192nd Dist. Ct. Dallas Cty.) (dismissed Aug. 26, 2016); *U.S. Bank, Nat'l Assoc. v. Reese*, DC-16-14090 (193nd Dist. Ct. Dallas Cty.) (default foreclosure order entered Jan. 6, 2017); *Reese v. Wells Fargo Bank*, 3:17-CV-2174-G (dismissed Dec. 15, 2017); *U.S. Bank, Nat'l Assoc. v. Reese*, DC-18-05871 (160th Dist. Ct. Dallas Cty.) (default order entered July 9, 2018).

E.     **CONCLUSION**

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss Plaintiffs' First Amended Complaint*, Doc. 9, be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 30, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).